IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

PAUL FORD and ANN FORD, for themselves )
and all Arkansas residents similarly situated, )
                                                        Plaintiffs, )
)  Case No. 3:15-cv-00206-DPM-JTR
vs. )
)  Honorable D. P. Marshall Jr.
CITIMORTGAGE, INC. )
)
                                                        Defendant. )

## AGREED PROTECTIVE ORDER

Plaintiffs Paul Ford and Ann Ford and Defendant CitiMortgage, Inc. (the "Parties") have agreed to the terms of this Agreed Protective Order; accordingly, and for good cause having been shown, it is hereby ORDERED:

1. **Confidential Information.** As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential including, but not limited to, confidential policies, procedures, and/or proprietary information subject to confidential treatment under Fed. R. Civ. Proc. 26; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms, and 1099 forms or other nonpublic financial statements; or (g) personnel or employment records of a person who is not a party to this case. Information or documents that are available to the public may not be designated as Confidential Information.

2. **Designation.**

(a) **By Parties.** A party may designate a document as Confidential Information for protection under this Order by placing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. "Copies" means a reproduction of the Confidential Information in any form. The designation of a document as Confidential Information is a good faith certification by an attorney that the document contains Confidential Information, and should take place before or at the time the document is disclosed. An inadvertent failure to designate a document, discovery response, or deposition testimony as Confidential Information does not waive the right to so designate.

(b) **By Third Parties.** This Order applies to any third parties providing documents or information in this case. A copy of this Order shall be served along with any subpoena to a third party.

3. **Deposition Testimony.** Unless all parties agree otherwise on the record at the time the deposition is taken, all deposition testimony and the transcripts and video recordings of depositions taken in this case shall be treated as Confidential Information until the expiration of the following: No later than the fourteenth day after the transcript is delivered to any party or the witness, and in no event later than sixty days after the testimony was given. Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order.

4. **Protection of Confidential Material.**

(a) **General Protections.** Confidential Information shall not be used or disclosed by the parties, counsel, or any other persons identified in subparagraph (b) for any

purpose other than in this litigation. Confidential Information may be disclosed only to the named Plaintiffs, and not to any other members of the putative class unless and until a class including the putative member has been certified.

      (b)    **Limited Third-Party Disclosures.** The parties and their counsel shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1) through (10). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

          (1)    **Counsel** and employees of counsel who have responsibility for this action.

          (2)    **Parties.** The parties and employees of the parties but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of this litigation.

          (3)    **The Court** and its personnel.

          (4)    **Court Reporters and Recorders** engaged for depositions and hearings.

          (5)    **Contractors.** Those persons engaged for the limited purpose of making copies of documents or organizing and/or processing documents, including vendors hired to process electronically-stored information.

          (6)    **Consultants and Experts.** Consultants, investigators, or experts employed by the parties or their counsel to assist in the preparation and trial of this action, but only after such persons have completed the certification contained in Attachment A to this Order. Counsel shall maintain the originals of the forms signed by these persons for a period of three years after the termination of this case.

          (7)    **Witnesses at depositions.** During their depositions, witnesses to whom disclosure is reasonably necessary, but only after such persons have completed the certification contained in Attachment A to this Order. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with their review of the deposition transcript. Pages of transcribed deposition testimony or exhibits that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter.

          (8)    **The author or recipient** of the document (not including a person who received the document in the course of litigation);

(9)   **Settlement Judge or Mediator** to whom the parties mutually agree; and

(10)  **Others by consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

All individuals to whom Confidential Information is to be disclosed shall be informed regarding and provided a copy of this Order, and shall be instructed that Confidential Information may not be used other than in connection with this action and may not be disclosed to anyone other than those persons contemplated in this Order.

5.  **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

(a)   If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of Confidential Information, the receiving party must notify the designating party in writing immediately, and in no event more than five court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b)   The receiving party also must immediately inform in writing the person who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order, and deliver a copy of this Order promptly to the person that caused the subpoena or order to issue in the other litigation.

(c)   The designating party shall bear the burden and expense of seeking protection of its Confidential Information in the court from which the subpoena or order issued, and nothing in this Order should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.

6.  **Consumer Financial Privacy Laws.** "Nonpublic personal information" and "personally identifiable financial information" as defined under 15 U.S.C. § 6809(4), 16 C.F.R.

§ 313.3 and/or the regulations related thereto that can be traced to an individual will be produced on the condition that any such data, documents, and/or information so produced may be disclosed, if at all, only to the following categories of persons: (i) individuals identified in ¶ 4(b)(1); (ii) the Court and its personnel, as identified in ¶ 4(b)(3); (iii) individuals identified in ¶ 4(b)(6); (iv) persons who are the subject of the data, documents, and/or information produced; (v) the individual(s) designated by the producing party as its Fed. R. Civ. Proc. 30(b)(6) witness(es); and (vi) individuals approved by the Court upon motion of any party.

7. **Filing of Confidential Information.**  If materials designated as Confidential Information or quotations from and/or references to such materials are to be included in papers filed with the Court, such papers shall be filed under seal provided that the Court grants permission for the filing of such documents under seal.  This Order does not, by itself, authorize the filing of any document under seal.  Even if the filing party believes that material subject to this Order is not properly classified as Confidential Information, the filing party shall file such papers under seal pursuant to applicable rules; the filing of any such materials under seal will not prejudice the filing party's rights to challenge the designation of such materials as Confidential Information.  This paragraph shall apply neither to the submission of exhibits for trial nor to the handling of information during trial.

8. **Challenges by a Party to Designation as Confidential Information.**  The designation of any material as Confidential Information is subject to challenge by any party to this litigation under the terms of the Court's November 20, 2015 Final Scheduling Order [Dkt. 39].

9. **Use of Confidential Information at Trial.**  Nothing in this Order shall be construed to affect the use of any document, material or information at trial or any hearing in this

case. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to all parties' attention, and the parties shall notify the Court by filing a joint report without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

10.     **Obligations at Conclusion of this Litigation.**

(a)     **Order Continues in Force.** Unless otherwise agreed or ordered, this Order shall remain in force until one year following the termination of this litigation.

(b)     **Obligations at Conclusion of Litigation.** Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information, including copies as defined in ¶ 2, shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so; or (4) as otherwise agreed in writing by the parties.

(c)     **Retention of Work Product and one set of Filed Documents.** Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim any substantial portion of Confidential Information, and (2) one complete set of all documents filed with the Court, including those filed under seal. Any retained Confidential Information remains protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that

its use does not disclose or use Confidential Information.

11.     **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

12.     **Non-Waiver of Rights.** The filing and entry of this Order shall not constitute a waiver of any rights under any applicable law, court rules, or both. No action taken pursuant to this Order shall be construed as a waiver of any claim or defense in this action or of any position as to discoverability or admissibility of evidence.

*So Ordered.*

Dated:  21 December 2015

_____
D.P. Marshall Jr.
United States District Judge

**Plaintiffs so move and agree to abide by the terms of this Order.**

By: /s/ Scott E. Poynter

*Counsel for Plaintiffs Paul and Ann Ford*

Scott E. Poynter
*Steel, Wright & Collier, PLLC*
400 W. Capitol Ave., Suite 2910
Little Rock, Arkansas 72201

**Defendant CitiMortgage, Inc. so moves and agrees to abide by the terms of this Order.**

By: /s/ W. Lance Owens

*Counsel for Defendant CitiMortgage, Inc.*

W. Lance Owens, Bar No. 90066
James F. Gramling, Jr., Bar No. 97237
Aaron D. Heller, Bar No. 2010212
*Owens, Mixon & Gramling, P.A.*
P.O. Box 4015
Jonesboro, Arkansas 72403

Lucia Nale (admitted *pro hac vice*)
Thomas V. Panoff (admitted *pro hac vice*)
Joseph M. Callaghan (admitted *pro hac vice*)
*Mayer Brown LLP*
71 South Wacker Drive
Chicago, Illinois 60606

        Rik S. Tozzi (*pro hac vice* forthcoming)
        Burr & Foreman LLP
        420 North 20th Street, Suite 3400
        Birmingham, Alabama 35203
        205-251-3000

**ATTACHMENT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

| | |
|---|---|
| PAUL FORD and ANN FORD, for themselves and all Arkansas residents similarly situated, ) ) ) | |
| Plaintiffs, ) ) | Case No. 3:15-cv-00206-DPM-JTR |
| vs. ) ) | Honorable D. P. Marshall Jr. |
| CITIMORTGAGE, INC. ) ) | |
| Defendant. ) | |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Eastern District of Arkansas in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address:    _____

                                        _____

                                        _____

Date: _____    _____
                                                      Signature