IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

PAUL FORD and ANN FORD, for
Themselves and all Arkansas
Residents Similarly Situated                                    PLAINTIFFS

v.                          No. 3:15-cv-206-DPM

CITIMORTGAGE, INC.                                              DEFENDANT

ORDER

1. Joint status report, № 48-1, noted. Joint report on discovery disputes, № 44, also noted. Here are the Court's rulings.

• **CitiMortgage's Initial Disclosures**

By 6 May 2016 CitiMortgage must identify by name specific individuals with knowledge — both its own folks and someone from Wilson & Associates. If former employees were involved, CitiMortgage must also provide the last known contact information.

• **Fords' Interrogatories No. 1 & 2 and Request for Production No. 1**

The parties have resolved this dispute. № 48-1.

• **Fords' Interrogatory No. 4 and Request for Production No. 2**

CitiMortgage's production for Wilson & Associates was fine. The Court understands CitiMortgage's concerns about customer privacy. But there is a

comprehensive protective order in place. Names of other borrowers do not seem essential at this point — they can be identified by number or letter. What the Fords need to know now, however, is whether a foreclosure action was filed against any of these 100 or so other borrowers and, if not, whether any unincurred foreclosure-related fees were refunded. To the extent CitiMortgage has not already answered these questions on a borrower-by-borrower basis (but without names), it must do so by 6 May 2016.

- **Interrogatory No. 6**

It's clear as propounded. CitiMortgage must answer by 6 May 2016.

- **Fords' Motion to Extend Expert Deadlines**

This motion, № 52, is granted as modified. Because of discovery static, the Fords haven't had adequate time to evaluate whether to get an expert. The transaction history, № 52-2, is less than clear on its face; an expert may be helpful in explaining it. For these reasons, good cause exists to modify the Final Scheduling Order slightly. All the remaining pretrial deadlines are extended by approximately thirty days, as follows: Fords' expert materials due by 16 May 2016; CitiMortgage's expert materials due by 17 June 2016; any rebuttal expert materials due by 1 July 2016; discovery ends, and joint

status report due, on 5 August 2016; and all motions due by 2 September 2016. The parties should block out now time in July for potential expert depositions.

**2.** Some of the Fords' proposed changes in their complaint are fine; others are not. The clean-up amendments, which recast allegations in terms of the federal rules, are helpful. The preservation footnote on the rejected Arkansas Deceptive Trade Practices Act claim is prudent. The Court declines, though, to allow the requested amendments that would expand the proposed class beyond Arkansawyers who dealt with Wilson & Associates as CitiMortgage's agent.

CitiMortgage's standing attack is misplaced, as is most of its effort to litigate the Rule 23 question now.

Leave to amend should be freely granted when justice requires it, FED. R. CIV. P. 15(a)(2), but prejudice to the defendant must be weighed. *Julianello v. K-V Pharmaceutical Company*, 791 F.3d 915, 922 (8th Cir. 2015). The Fords' proposed expansion of the class to a nationwide group would subject CitiMortgage to a big discovery burden. This case is almost two years old. Discovery hasn't been smooth—see the earlier parts of this Order. We're on

-3-

track for motions in the fall and trial next February. Expanding the proposed class to cover people in every other state, or even in those states that allow non-judicial foreclosures, would transform this case. The parties would have to start almost from scratch. Doing so would not promote the just, speedy, and inexpensive resolution of the parties' dispute. FED. R. CIV. P. 1.

While it's not certain that the Fords' expansion of the class would be futile, the proposed supporting allegations are thin. There are no particulars alleged about CitiMortgage doing non-judicial foreclosure business in Arkansas through entities other than Wilson & Associates. There are no particulars alleged about CitiMortgage's non-judicial foreclosure practices in other states. While similar business methods are possible, of course, the Fords haven't alleged enough facts to state plausible claims for a broader proposed class. Which brings things back to the burden on CitiMortgage: the Fords' proposed new complaint is just not adequate to justify the scope of discovery this new pleading would prompt if allowed. CitiMortgage is right on one futility point: the law of unjust enrichment and conversion varies across the several states. Twenty-something subclasses to deal with those variations would just be twenty-something lawsuits, albeit in one place. *In re St. Jude*

*Medical, Inc.*, 425 F.3d 1116, 1120 (8th Cir. 2005); *Tyler v. Alltel Corporation*, 265 F.R.D. 415, 422–23 (E.D. Ark. 2010). In the circumstances, some clean up is needed, but the vast expansion of this case is not.

\* \* \*

Joint report on discovery disputes, № 44, addressed. Motion to extend, № 52, granted as modified. Motion to amend, № 47, granted in part and denied in part. Conforming amended complaint due by 6 May 2016. The sooner the better.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

19 April 2016